UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KERRY MOSIER,

        Plaintiff,

        v.

Case No. 24-cv-1094-bhl

FRANK BISIGNANO[1]
Commissioner of the Social Security Administration,

        Defendant.

## ORDER AND DECISION

Plaintiff Kerry Mosier seeks review of the final decision of the Commissioner of the Social Security Administration, denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. §405(g). For the reasons set forth below, the Acting Commissioner's decision will be affirmed.

## PROCEDURAL BACKGROUND

Mosier applied for DIB and SSI on January 13, 2021, alleging a disability onset date of January 2, 2019. (ECF No. 11-6 at 17, 24.) After her claims were denied initially and on reconsideration, she requested a hearing before an administrative law judge (ALJ). (ECF No. 11-5 at 39.) The ALJ held a hearing on November 15, 2023 and denied Mosier's disability claims, concluding that she was not disabled. (ECF No. 11-3 at 16–23.) The ALJ explained that Mosier retained the Residual Functional Capacity (RFC) to perform medium work, so long as she avoided concentrated exposure to pulmonary irritants, and that she was capable of performing past relevant work. (*Id.* at 20–23.) On June 26, 2024, the Appeals Council denied Mosier's request for review of that decision. (*Id.* at 2–4.) Mosier now seeks judicial review pursuant to 42 U.S.C. §405(g).

---

[1] Frank Bisignano was sworn in as Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Clerk of Court is directed to correct the docket.

## BACKGROUND

Mosier was born on June 11, 1987. (ECF No. 11-4 at 23.) Over the past ten years, she worked as an in-home care provider, a pharmacy technician, and a jewelry sales associate. (ECF No. 11-7 at 7.) Mosier seeks DIB and SSI based on several conditions—interstitial lung disease, Chronic Obstructive Pulmonary Disease (COPD), pleurisy, migraines, depression, anxiety, asthma, and emphysema—that she reported have prevented her from working since January 2, 2019. (*Id.* at 6.)

In assessing Mosier's claims, the ALJ followed the five-step sequential evaluation of disability set out in 20 C.F.R. §§404.1520(a) and 416.920(a). (ECF No. 11-3 at 17–18.) The ALJ first determined that Mosier has not engaged in substantial gainful activity since January 2, 2019. (*Id.* at 19.) The ALJ then found that Mosier's interstitial lung disease, COPD, pleurisy, emphysema, and asthma were severe physical impairments; however, her migraines were not severe physical impairments. (*Id.* at 19–20.) The ALJ also determined that Mosier's anxiety disorder, depressive disorder, personality disorder, and attention deficit hyperactive disorder did not cause more than minimal limitations in Mosier's ability to perform basic mental work activities and were therefore non-severe mental impairments. (*Id.*) The ALJ found that Mosier did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 20.) The ALJ then determined that Mosier had the RFC to perform medium work as defined in 20 C.F.R. §§404.1567(c) and 416.967(c), except that she must avoid concentrated exposure to pulmonary irritants such as dust, fumes, gases, poor ventilation, and other environmental irritants. (*Id.* at 20–22.) He found that Mosier could perform past relevant work, such as being a home attendant or a jewelry salesperson, because these positions do not require the performance of work-related activities precluded by Mosier's RFC. (*Id.* at 22–23.)

## LEGAL STANDARD

The Commissioner's final decision on the denial of benefits will be upheld "if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. §405(g)). Substantial evidence is not conclusive evidence; it is merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "[T]he threshold for such evidentiary

sufficiency is not high." *Id.* In rendering a decision, the ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005)).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053–54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court to assess the validity of the agency's ultimate findings and afford the appellant meaningful judicial review." *Id.* at 1054 (cleaned up) (citations omitted). In reviewing the record, the Court "does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998) (citations omitted). Judicial review is deferential and is limited to the rationales offered by the ALJ. *See Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943)).

## ANALYSIS

Mosier challenges two aspects of the ALJ's decision. She claims that: (1) the ALJ failed to consider her work absences; and (2) the ALJ failed to find that Mosier suffered from any severe physical impairments. (ECF No. 12 at 4–7.) Mosier has not established a basis for remand on either claim. The Commissioner's decision will, therefore, be affirmed.

## I. Mosier Has Not Met Her Burden to Show That Her Absences Affected Her Ability to Work.

Mosier argues that the ALJ did not account for how her absenteeism impacted her ability to perform and sustain full employment. (*Id.* at 4–6.) During the hearing, Mosier's attorney noted that he believed Mosier's absences exceeded the amount allowed in her relevant profession. (ECF No. 11-3 at 63.) The ALJ instructed her attorney to prepare a report showing where in the record her absences were recorded so he could take her absences into consideration. (*Id.*) Relying on that post-hearing report, Mosier now argues that she had a medical appointment at least two days

per month during the relevant time period and that the ALJ improperly failed to account for her absenteeism. (ECF No. 12 at 5.)

The law recognizes that full-time work does not always allow for flexibility around absences, and ALJs should, when relevant, consider absenteeism in their findings. *See Moore v. Colvin*, 743 F.3d 1118, 1126 (7th Cir. 2014). Specifically, the Seventh Circuit has instructed that ALJs should consider whether the level of absenteeism would be unacceptable to employers. *See Jelinek*, 662 F.3d at 812–13. Accordingly, vocational experts are often used to determine how many days an employer will tolerate employee absences. *See Pavlicek v. Saul*, 994 F.3d 777, 780 (7th Cir. 2021). ALJs then determine whether the employee's absences exceed the number of tolerated absences and take that into consideration. *See Jelinek*, 662 F.3d at 812–13. An ALJ's failure to consider absenteeism can be an error justifying remand. *See id.* But, for absenteeism to be relevant, the claimant must show that her absences required her to miss a full day of work or that appointments could not be scheduled outside of working hours. *See Combs v. Kijakazi*, 69 F.4th 428, 436 (7th Cir. 2023); *see also Best v. Berryhill*, 730 F. App'x 380, 382 (7th Cir. 2018).

Mosier complains that the ALJ's decision fails to address her absenteeism. (*See* ECF No. 11-3 at 16–23.) This critique is without merit, because Mosier never came forward with evidence establishing that her absences prevented her from working. An ALJ must review and consider all relevant evidence presented at the hearing. *Phillips v. Astrue*, 601 F.Supp.2d 1020, 1029 (N.D. Ill. 2009) (citing *Smith v. Apfel*, 231 F.3d 433, 438 (7th Cir. 2000)). The vocational expert testified that if Mosier missed more than two days a month due to illness and medical appointments, she would be unable to maintain employment. (ECF No. 11-3 at 59.) Accordingly, for absenteeism to be relevant, Mosier was required to supply evidence that her absences require her to miss two full days of work a month and that her appointments cannot be scheduled outside of working hours. *See Combs*, 69 F.4th at 436; *see also Best*, 730 F. App'x at 382. Mosier pointed to no such evidence during the hearing, in her attorney's post-hearing report, or even on appeal before this Court.

Instead, Mosier relies solely on her attorney's report, a document that has minimal relevance. During the hearing, the ALJ informed Mosier's attorney that, if the attorney believed Mosier's absences exceeded two days per month, he needed to provide a brief showing where in the record the absences were. (ECF No. 11-3 at 63.) Despite this instruction, the report he filed is not supported by citations to any record evidence. (*See* ECF No. 11-7 at 95–97.) Thus, the ALJ was justified in not considering it. Moreover, even assuming the statements in the report are

accurate, they merely indicate that, during the relevant timeframe, Mosier had approximately three to four medical appointments per month. (*Id.* at 96.) This does not support a finding that Mosier's absences necessitate her missing more than two full days of work per month or that the appointments cannot be scheduled outside of work, as required to carry her burden. *See Combs*, 69 F.4th at 436. Because Mosier has not shown that the medical appointments would result in a level of absenteeism that employers would find unacceptable, her appeal on this ground fails.

II. **The ALJ's Findings on the Severity of Mosier's Impairments Were Supported by Substantial Evidence.**

Mosier next argues that "the ALJ failed to find that Mosier suffered from any severe physical impairments." (ECF No. 12 at 6.) But the ALJ specifically found that Mosier's interstitial lung disease, COPD, pleurisy, emphysema, and asthma were severe impairments. (ECF No. 11-3 at 19–20.) Mosier's stated complaint thus fails based on the plain terms of the ALJ's ruling.

Mosier explains further that her actual complaint is that the ALJ failed to find any of her other alleged impairments severe. She argues that she suffers from a number of severe physical impairments: rheumatoid arthritis; low back pain, lumbago, and left sided sciatica; left ankle pain; urinary incontinence and irritable bowel syndrome; tarsal tunnel syndrome; thoracic back pain; chronic fatigue; chronic knee pain; and migraines. (ECF No. 12 at 6–7.) She also faults the ALJ for not finding severe three mental impairments: attention deficit hyperactivity disorder (ADHD), anxiety, and depression. (*Id.* at 7.)

Beyond listing these impairments and calling them "severe," however, Mosier has not established that the ALJ's findings are incorrect. Indeed, she offers no explanation as to why the ALJ's decision not to find these conditions severe was wrong. (*See id.* at 6–7.) This is her burden on appeal, and she has not met it. *See Warnell*, 97 F.4th at 1052.

Mosier did not identify several of these conditions—rheumatoid arthritis, low back pain, lumbago, left sided sciatica, left ankle pain, urinary incontinences and irritable bowel syndrome, tarsal tunnel syndrome, thoracic back pain, chronic fatigue, and chronic knee pain—during her ALJ hearing or on her applications for DIB and SSI benefits. (*See* ECF No. 11-3 at 40; *see also* ECF No. 11-7 at 6.) Indeed, when asked what physical ailments prevent her from working, Mosier responded "just . . . my lung disease and then my head trauma." (ECF No. 11-3 at 39–40.) If Mosier herself did not believe these ailments prevented her from working, they cannot be

considered severe, *see* 20 C.F.R. §§404.1520(c) & 416.920(c), and the ALJ committed no error as to these ailments.

This leaves only Mosier's migraines, ADHD, anxiety, and depression, all of which the ALJ concluded were not severe impairments. To succeed on her claims, Mosier must show that the ALJ's decision was not supported by substantial evidence. *See Warnell*, 97 F.4th at 1052. This is an uphill battle for Mosier. *See Biestek*, 587 U.S. at 103. The Court does not reweigh evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute its judgment for the ALJ's. *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). The record confirms the ALJ adequately explained his finding on each of these conditions.

In rejecting Mosier's claim that her migraines are severe, the ALJ relied upon a doctor's note that she had a normal brain MRI and could medicate her headaches with various medications. (ECF No. 11-3 at 19.) The ALJ found that there was no indication that the headaches more than minimally affected her ability to work and, thus, were not severe. (*Id.*) The medical record substantially supports the ALJ's decision that Mosier's migraines were not severe. Her doctor confirms that her MRI's were normal, that she has improved and will continue to improve, and that various medications help with her headaches. (ECF No. 11-16 at 65–66.) Based off this report, reasonable minds could conclude that Mosier does not suffer from severe headaches, and the ALJ's finding was therefore supported by substantial evidence.

As for Mosier's remaining conditions—her ADHD, anxiety, and depression—the ALJ relied upon 20 C.F.R., Part 404, Subpart P, Appendix 1, and determined that Mosier had "mild" mental limitations and that none of these mental impairments are severe. (ECF No. 11-3 at 19.) To support this finding, he looked to state agency medical consultants, mental status exams, and comments from a psychological consultative examiner. (*Id.*) The medical evidence relied upon substantially supports the ALJ's finding that Mosier's mental impairments are not severe. After several examinations, state medical consultants determined that Mosier's symptoms are mild. (ECF No. 11-4 at 29–30, 39–40, 50–51, 62–63.) Other medical records confirm that Mosier's mood, affect, and behavior is consistently normal. (ECF No. 11-9 at 20; ECF No. 11-10 at 127; ECF No. 11-11 at 18; ECF No. 11-12 at 95; ECF No. 11-14 at 65.) A psychological exam further noted that Mosier's own statements about her mental health "seem inconsistent." (ECF No. 11-10

at 319.) Accordingly, the evidence relied upon by the ALJ supports his finding that Mosier's mental impairments are not severe.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that, pursuant to sentence four of 42 U.S.C. §405(g), the decision of the Acting Commissioner of the Social Security Administration is **AFFIRMED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 5, 2025.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge